■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NEAL DEHMLER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction entered upon defendant's plea of guilty during the course of the trial, defendant contends that County Court erred by denying his motion to suppress a pretrial statement *(see,* CPL 710.70 [2]). Defendant's contention is without merit. There is sufficient evidence in the record of the *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72) to support the suppression court's finding that the right to counsel did not attach. Under the circumstances, defendant's inquiry "can I call a lawyer?" did not unequivocally inform police of his intention to retain counsel *(see, People v Hicks,* 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Ashraf,* 186 AD2d 1057). Although police aborted the polygraph examination to which defendant voluntarily submitted after the statement was made, defendant subsequently told sheriff's investigators that he was not asking for an attorney but only asking whether he was allowed to contact one. According appropriate weight to the determination of the suppression court *(see, People v Prochilo,* 41 NY2d 759, 761), we conclude that its resolution of the conflicting inferences presented by defendant's inquiry finds support in the record *(see, People v Boone,* 22 NY2d 476, 483, *cert denied sub nom. Brandon v New York,* 393 US 991). We discern no reason to disturb it.

The sentence imposed as a result of the plea agreement entered into during trial was neither harsh nor excessive. By his plea of guilty, defendant forfeited any claim that he was prejudiced by error committed during the truncated trial *(see, People v Taylor,* 65 NY2d 1, 7; *People v Lynn,* 28 NY2d 196, 202; *People v Green,* 146 AD2d 281, 283-284, *affd* 75 NY2d 902, *cert denied* 498 US 860). (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.