■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVON COOPER, Also Known as KEVIN PHILLIPS, Also Known as PILL, Appellant. [604 NYS2d 845] —Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in refusing to give a missing witness charge. That contention is without merit. Defendant failed to meet his burden "to show that the witness[es] could provide noncumulative testimony on a material issue in the case" *(People v Peterson,* 188 AD2d 1002, 1003, *lv denied* 81 NY2d 891; *see, People v Robinson,* 174 AD2d 998, *lv denied* 78 NY2d 1014). Nor was defendant entitled to an accomplice charge, because the evidence failed to support an inference that the witnesses participated in the crime as accomplices *(see, People v Jones,* 73 NY2d 902, *rearg denied* 74 NY2d 651).

Defendant concedes that his right to be present at all material stages of trial does not extend to all discussions regarding the exercise of peremptory challenges *(see, People v Velasco,* 77 NY2d 469, 473). Defendant's presence at the bench discussion concerning the prosecutor's use of a peremptory challenge was not required, because that discussion "involved

only questions of law or procedure" *(People v Velasco, supra,* at 472).

Defendant also contends that his conviction should be reversed because of destruction of *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765); because the court erroneously gave a no adverse inference charge; and because he did not participate in a colloquy between the court and the jury. Those contentions were not preserved for review and we decline to reach them in the interest of justice.

Defendant further contends that we should reverse his conviction because of the cumulative effect of prosecutorial misconduct, ineffective assistance of counsel, and the court's failure to inquire into his desire for retained counsel. Defendant also contends that the verdict was against the weight of the evidence. We have reviewed those allegations of error and find that each is lacking in merit.

Finally, defendant's sentence is not harsh and excessive. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 1st Degree.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.