(February 19, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD B. MIDDLETON, Appellant. [669 NYS2d 82] —White, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 3, 1996, upon a verdict convicting defendant of the crime of robbery in the first degree.

A person is guilty of robbery in the first degree when, *inter alia*, he or she forcibly steals property and "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.15 [4]). The primary issue on this appeal is whether the evidence was legally sufficient to establish beyond a reasonable doubt that defendant displayed what appeared to be a firearm during a robbery that occurred at a supermarket in the City of Binghamton, Broome County. To establish the "display" element, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (*People v Lopez*, 73 NY2d 214, 220). The display requirement is broadly construed to cover a wide range of actions and thus a toothbrush held in a pocket or even a hand consciously concealed in clothing may suffice to satisfy the display element "if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a [firearm] is being used during the robbery" (*id.*, at 220).

The principal testimony against defendant was elicited from Erika Rathbone, who worked at the supermarket's customer service desk. She testified that defendant approached the customer service window and presented his social services benefit card, ostensibly intending to obtain some form of social services benefits dispensed by the market. After Rathbone processed his card, defendant demanded that she give him money, moving his hand down toward the pocket of his shorts. When he completed this maneuver, Rathbone observed the top of his hand and thumb outside the pocket. Apparently because Rathbone hesitated, defendant told her to "give it to me now or I will blow your brains out" and started counting backwards from 10. Thereafter, Rathbone gave defendant the money, explaining that she did so because she was scared and, furthermore, when defendant reached down into his pocket she assumed he had a gun and was convinced that he had a firearm in his possession when he made the threat to shoot her.

Applying the appropriate standard of review (*see, People v Cabey*, 85 NY2d 417, 420), we conclude that the evidence was legally sufficient to establish that defendant displayed what

appeared to be a firearm during the course of the robbery (*see, People v Lopez, supra,* at 221-222; *People v Wells,* 221 AD2d 281, *lv denied* 87 NY2d 978; *People v Ruiz,* 216 AD2d 63, 64, *affd* 87 NY2d 1027). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant also argues that County Court erred in not permitting him to introduce into evidence the exculpatory portions of his confession. Inasmuch as the People did not place the confession into evidence, County Court properly ruled that defendant's exculpatory statement constituted inadmissible hearsay evidence (*see, People v Oliphant,* 201 AD2d 590, 590-591, *lv denied* 83 NY2d 875). Further, County Court correctly precluded defendant from cross-examining the police officers regarding his exculpatory statement (*see, People v Laing,* 221 AD2d 662, *lv denied* 87 NY2d 975). Lastly, we have considered defendant's argument that his statement was admissible as a declaration against penal interest and find it unpersuasive.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.