■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEFAN D. NICHOLS, Appellant. [680 NYS2d 762] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's motion to reopen the *Wade* hearing (*see, People v Clark,* 88 NY2d 552, 555-556). Prior to defendant's trial on robbery and burglary charges, a *Wade* hearing was held to determine the propriety of a photographic array conducted on March 30, 1995 and a lineup conducted in October 1995. The court adopted the Hearing Officer's recommendations that the photo array and the lineup had been properly conducted and denied defendant's motion to suppress. Thereafter, defendant moved to reopen the *Wade* hearing on the ground that defense counsel's review of police reports indicated that another photographic array was conducted on March 25, 1995, when a single photograph of defendant provided by a friend of the victims was displayed to

two of the victims by detectives. The motion to reopen was properly denied, however, because the police reports submitted by defense counsel in support of his contention do not indicate that any photograph was shown to the victims. They merely indicate that the victims' friend produced a photograph of defendant. Further, defendant failed to show that those alleged "additional pertinent facts" were facts that he "could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]; *see, People v Washington*, 238 AD2d 43, 47-48).

The court did not err in denying defendant's request for a missing witness charge. Prior to trial, the People obtained an order to produce an alleged accomplice of defendant who had pleaded guilty to one count of robbery in part on condition that he testify at defendant's trial. Although the People made reference to the alleged accomplice during their opening statement, they did not call him to testify. Defendant failed to demonstrate, however, that the witness " 'could provide noncumulative testimony on a material issue in the case' " (*People v Cooper*, 197 AD2d 861, *lv denied* 82 NY2d 892; *see, People v Gonzalez*, 68 NY2d 424, 427). In any event, any error in failing to give the charge is harmless; evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error (*see, People v Crimmins*, 36 NY2d 230, 242).

Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.