█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY T. WILLIAMS, Appellant. [685 NYS2d 155] —Judgment unanimously reversed on the law, new trial granted on counts one and three of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges under count two of indictment to another Grand Jury. Memorandum: Defendant contends that Supreme Court committed reversible error in denying defendant's

request to submit to the jury the issue whether a prosecution witness was an accomplice. We agree. Because different inferences may be drawn from the proof at trial concerning the participation of that witness in the events from which the charges arose, the issue whether she was an accomplice whose testimony required corroboration (*see,* CPL 60.22 [2]) should have been submitted to the jury (*see, People v Sweet,* 78 NY2d 263, 266; *People v Dorta,* 46 NY2d 818, 820; *People v Collins,* 220 AD2d 610, 611, *lv denied* 87 NY2d 971; *cf., People v Tucker,* 72 NY2d 849, 850; *People v Morillo,* 156 AD2d 479, 480).

Reversal is also required based on the court's denial of defendant's request for a missing witness charge with respect to a passenger who was present in the vehicle during the incident and who had cooperated with the investigation by giving a statement inculpating defendant. The uncalled witness was on the People's witness list, and defendant made the request for the charge when the People rested without calling him. Defendant made the request "as soon as practicable" (*People v Gonzalez,* 68 NY2d 424, 428) and met his burden of demonstrating that the uncalled witness was under the People's control and could be expected to give testimony favorable to the People on a material issue (*see, People v Vasquez,* 76 NY2d 722, 723-724; *People v Gonzalez, supra,* at 428). The burden then shifted to the People to demonstrate that the charge would be inappropriate (*see, People v Gonzalez, supra,* at 428). The speculative assertions of the People that the uncalled witness would not be expected to give favorable testimony and might invoke his Fifth Amendment privilege because he had pending unrelated charges are insufficient to carry that burden (*see, People v Horn,* 217 AD2d 406, *lv denied* 86 NY2d 843).

Defendant's contention that the court's charge was erroneous is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have examined defendant's remaining contention and conclude that it is without merit.

Thus, we reverse the judgment and grant a new trial on counts one and three of the indictment. Inasmuch as defendant was convicted of the lesser included offense of reckless endangerment in the second degree under count two of the indictment, that count must be dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633, 635; *People v Grant,* 197 AD2d 910, *lv denied* 82 NY2d

895). (Appeal from Judgment of Supreme Court, Monroe County, Kramer, J.—Criminal Possession Weapon, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.