■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARE S. WILSON, Appellant. [726 NYS2d 331] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to suppress the statements he made to the police. The testimony at the suppression hearing supports the court's finding that the statements were voluntarily given. That testimony established that there was no causal connection between any injuries defendant received at the time of the arrest and the statement taken hours later (*see, People v Gomez,* 249 AD2d 237, *lv denied* 92 NY2d 852; *see also, People v Nieves,* 205 AD2d 173, 184, *affd* 88 NY2d 618), and that defendant was not " 'intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874; *see, People v Brooks,* 174 AD2d 1050, *lv denied* 78 NY2d 962). Nor did the court err in refusing to suppress the statements on the ground that defendant was denied the right to counsel. We see no reason to disturb the court's finding that defendant did not unequivocally ask for an attorney (*see, e.g., People v Hicks,* 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Davis,* 193 AD2d 1142; *People v Dehmler,* 188 AD2d 1056, *lv denied* 81 NY2d 1013). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.