THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS WILLIAMS, Appellant. [730 NYS2d 631] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) for stealing money from an elderly woman while holding his hand in his pocket, pointing it at the victim, and telling her that he had a gun. The victim did not testify at trial. An eyewitness to the robbery, however, testified and identified defendant as the robber.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that the victim perceived the "display" of a weapon (*see, People v Gray,* 86 NY2d 10, 19). In any event, there is no merit to that contention. To establish the "display" element of the robbery statute, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (*People v Lopez,* 73 NY2d 214, 220; *see, People v Baskerville,* 60 NY2d 374, 381). The display requirement has been broadly construed to cover a wide range of actions that might reasonably create the impression in the mind of the victim that the robber is armed with a firearm (*see, People v Lopez, supra,* at 220-221; *People v Baskerville, supra,* at 382). Thus, it has been held that a hand consciously concealed in clothing may suffice to satisfy the display requirement "if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (*People v Lopez, supra,* at 220; *see, People v Middleton,* 247 AD2d 713, *lv denied* 92 NY2d 856). Upon our review of the record, we conclude that the evidence is legally sufficient to establish that the victim perceived that defendant displayed what appeared to be a firearm during the course of the robbery (*see, People v Lopez, supra,* at 221-222; *People v Middleton, supra,* at 713-714).

Defendant further contends that Supreme Court erred in refusing to give a missing witness instruction with respect to the People's failure to call the victim to testify at trial. We agree. Contrary to the determination of the court, we conclude that defendant satisfied his initial burden of demonstrating that the

uncalled witness was under the control of the People and could be expected to give testimony favorable to the People on a material issue (*see, People v Vasquez*, 76 NY2d 722, 723; *People v Gonzalez*, 68 NY2d 424, 427-428; *People v Williams*, 256 AD2d 1110, 1111). In addition, the court erred in concluding that defendant's request for the instruction was untimely. The victim was on the People's witness list and defendant timely made the request for the instruction after the People rested without calling her (*see, People v Williams, supra*, at 1111). We further conclude, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Crimmins*, 36 NY2d 230, 242; *People v White*, 265 AD2d 843, 844, *lv denied* 94 NY2d 868; *People v Nichols*, 254 AD2d 810, 811, *lv denied* 92 NY2d 984).

The court properly denied the motion of defendant to suppress his statement to the police. We see no reason to disturb the court's finding that defendant's mother did not unequivocally request an attorney when she asked the police whether defendant needed a lawyer (*see, e.g., People v Hicks*, 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Wilson*, 284 AD2d 956; *People v Davis*, 193 AD2d 1142; *People v Dehmler*, 188 AD2d 1056, *lv denied* 81 NY2d 1013; *People v Feneque*, 133 AD2d 646, 647).

Defendant failed to preserve for our review his contention that he was illegally taken from his home without an arrest warrant (*see,* CPL 470.05 [2]). In any event, there is no merit to that contention. The record establishes that defendant voluntarily accompanied the police to the police station, and thus, there was no *Payton* violation (*see, Payton v New York*, 445 US 573).

Defendant was not denied a fair trial by testimony that a key prosecution witness was a "confidential reliable informant." We agree with defendant that the fact that the witness was a police informant constituted *Brady* material that should have been disclosed to defendant because it could have established the motive of the witness for testifying as he did (*see, People v Wright*, 86 NY2d 591, 596-598). However, the fact that the witness was a confidential police informant was revealed at a pretrial suppression hearing. Thus, although the People had a duty to disclose that information, defendant's constitutional right to a fair trial was not violated where, as here, defendant was given a meaningful opportunity to use the allegedly exculpatory information at trial (*see, People v Cortijo*, 70 NY2d 868, 870; *People v Brown*, 67 NY2d 555, 559, *cert denied* 479 US 1093).

The court did not err in permitting a key prosecution witness to testify that he had made a pretrial photographic identification of defendant. The court properly permitted the witness to testify on redirect about the photo identification because defense counsel "open[ed] the door" to such testimony by creating a "misimpression" about the witness's identification that was cured by testimony concerning the photo identification (*People v Giallombardo*, 128 AD2d 547, 548, *lv denied* 69 NY2d 1004).

Contrary to the contention of defendant, he was not denied effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708, 712-713). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.