■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MEDINA, Appellant. [826 NYS2d 26]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 31, 2004, as amended May 10, 2005 and January 10, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication made on May 10, 2005 and reinstating defendant's original sentence of 3 to 9 years, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility and identification (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v Brown*, 30 AD3d 347 [2006], *lv denied* 7 NY3d 810 [2006]).

The court properly denied, as untimely, defendant's request for a missing witness charge as to the arresting officers. When the People rested without calling these officers, defendant had all the information necessary to request such an instruction, but he instead waited until after he had presented the defense case consisting of the testimony of three witnesses and defendant himself, and after both sides had rested (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]; *People v Marine*, 30 AD3d 268 [2006], *lv denied* 7 NY3d 791 [2006]; *People v Alamo*, 202 AD2d 349 [1994], *lv denied* 84 NY2d 822 [1994]). The record also supports the court's alternative finding that these officers,

who did not witness the sale, could not provide any material testimony (*see People v Macana*, 84 NY2d 173, 180 [1994]).

Although it appears that defendant is a second felony offender, his resentencing as such was unlawful because the People did not comply with CPL 440.40. At the original sentencing proceeding, the prosecutor did not file a predicate felony statement and told the court that defendant's prior felony conviction did not appear to qualify as a predicate felony because of the passage of time. Accordingly, the court sentenced defendant to a term of 3 to 9 years. There is nothing to indicate that the court intended otherwise or that defendant defrauded the court. However, it now appears that the prosecutor was mistaken and that defendant actually qualifies as a second felony offender.

Some time later, the prosecutor realized his mistake, but did not take any legal action to correct it, except to request an order to produce. This request was filed more than one year after the judgment, and the supporting affirmation contained no information except the inaccurate statement that the order to produce was for the purpose of disposing of a pending case. The People subsequently filed a predicate felony statement, after which the court adjudicated defendant a second felony offender and sentenced him accordingly. Thereafter, the court imposed a different second felony offender sentence for reasons not material to this appeal.

A sentence as a first felony offender is invalid where the defendant is actually a second felony offender (*see People v Scarbrough*, 66 NY2d 673 [1985], *revg on dissenting mem of Boomer*, *J.*, 105 AD2d 1107, 1107-1109 [1984]). Nevertheless, in the absence of such factors as clerical error, inadvertence and fraud, a court's power to correct a substantively illegal sentence is purely statutory (*see Matter of Campbell v Pesce*, 60 NY2d 165 [1983]; *People v Riggins*, 164 AD2d 797 [1990]). When the People seek to challenge a sentence as illegal, they may appeal (CPL 450.20 [4]; 450.30 [2]), or, within one year of the judgment, they may make a motion to set aside the sentence (*see* CPL 440.40 [1]; *Matter of Kisloff v Covington*, 73 NY2d 445, 452 [1989]; *Campbell v Pesce*, 60 NY2d at 167).

Even if we were to treat as a CPL 440.40 motion the People's affirmation in support of an order to produce, we would find it to be untimely because it was dated more than a year after the original sentencing. Accordingly, the court acted without authority and defendant is entitled to have his original sentence reinstated. We have considered and rejected the People's various procedural arguments. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.