THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY SWENEY, Appellant. [864 NYS2d 634]—

Appeal from a judgment of the Supreme Court, Erie County (H. William Boller, A.J.), rendered June 29, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the third degree (Penal Law § 160.05) and resisting arrest (§ 205.30). Insofar as defendant contends that the evidence is legally insufficient to support the robbery conviction because the taking of property was completed before any use of force or threats, we conclude that he failed to preserve that contention for our review (*see People v Gray,* 86 NY2d 10, 19 [1995]). Although defendant preserved for our review his contention that the evidence is legally insufficient to support the robbery conviction on the ground that the store manager did not have a right of possession to the store merchandise superior to that of defendant, that contention lacks merit (*see People v Brown,* 108 AD2d 922, 923 [1985]). We conclude that the evidence is legally sufficient to support the conviction of resisting arrest because the jury could rationally conclude from the testimony at trial that defendant intentionally attempted to prevent the police officers from arresting him (*see People v Clark,* 241 AD2d 710 [1997], *lv denied* 90 NY2d 1010 [1997]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant, the prosecutor's comments and questions during jury selection concerning forensic evidence did not constitute prosecutorial misconduct. Those comments and questions were "relevant and material to the inquiry at hand" (*People v Boulware,* 29 NY2d 135, 140 [1971], *rearg denied* 29 NY2d 670, 749 [1971], *cert denied* 405 US 995 [1972]). Contrary to the further contention of defendant, the prosecutor did not engage in prosecutorial misconduct on summation by mischaracterizing the identification testimony and, "[i]n any event, even assuming, arguendo, that the prosecutor engaged in misconduct during [her] summation, we conclude that such misconduct was not 'so egregious as to deprive defendant of a fair trial' " (*People v Santiago,* 41 AD3d 1172, 1175 [2007], *lv denied* 9 NY3d 964 [2007]). Although we agree with defendant that the People violated the provisions of CPL 240.20 by failing to disclose a police report until the third day of trial, " '[t]he People's delay in complying with the provisions of [that statute] constitutes reversible error . . . only when the delay

substantially prejudices defendant,' and here defendant failed to establish that he was 'substantially prejudice[d]' by the . . . delay" (*People v Delatorres*, 34 AD3d 1343, 1344 [2006], *lv denied* 8 NY3d 921 [2007]).

Defendant further contends that Supreme Court erred in denying his request for a missing witness charge. Contrary to the People's contention, defendant's request was timely (*see People v Williams*, 286 AD2d 918, 919 [2001], *lv denied* 97 NY2d 763 [2002]; *People v Williams*, 256 AD2d 1110, 1111 [1998]; *cf. People v Medina*, 35 AD3d 163 [2006], *lv denied* 8 NY3d 925 [2007]). We conclude, however, that the court properly denied defendant's request because "the People established that the witness's testimony would have been cumulative to other evidence" (*People v Colon*, 294 AD2d 931 [2002], *lv denied* 98 NY2d 709 [2002]; *see generally People v Macana*, 84 NY2d 173, 180 [1994]).

Defendant failed to preserve for our review his challenge to the jury charge on identification inasmuch as he failed to object to that charge (*see People v Nenni*, 269 AD2d 785, 786 [2000], *lv denied* 95 NY2d 801 [2000]; *People v Ocasio*, 241 AD2d 933, 934 [1997], *lv denied* 90 NY2d 908 [1997]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the court properly instructed the jury that it was not to engage in speculation with respect to evidence that was not presented at trial (*see People v Gomez*, 226 AD2d 296 [1996], *lv denied* 88 NY2d 936 [1996]), and the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction incorrectly reflects that Russell P. Buscaglia, A.J., who presided over the preliminary proceedings, presided at the trial and sentencing, and it must therefore be amended to reflect that H. William Boller, A.J., presided at the trial and sentencing (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.