# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1178

KA 10-01213

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LARRY J. WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 8, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [b]) for robbing a bank while holding his hand in his sweatshirt pocket and informing a teller that he had a gun. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that the victim perceived the "display" of a weapon (*see People v Gray*, 86 NY2d 10, 19). In any event, there is no merit to that contention. To establish the "display" element of the robbery statute, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (*People v Lopez*, 73 NY2d 214, 220; *see People v Baskerville*, 60 NY2d 374, 381). "[T]he display requirement has been broadly construed to cover a wide range of actions which might reasonably create the impression in the mind of the victim that the robber is armed with a firearm" (*Lopez*, 73 NY2d at 220-221; *see Baskerville*, 60 NY2d at 381-382). Thus, it has been held that a hand consciously concealed in clothing may satisfy the display requirement "if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (*Lopez*, 73 NY2d at 220; *see People v Middleton*, 247 AD2d 713, 713, *lv denied* 92 NY2d 856). Upon our review of the record, we conclude that the evidence is legally sufficient to establish that the victim perceived that defendant displayed what appeared to be a

firearm during the course of the robbery (*see Lopez*, 73 NY2d at 221-222; *Middleton*, 247 AD2d at 713-714).  Furthermore, although a finding that defendant did not display a firearm would not have been unreasonable (*see generally People v Bleakley*, 69 NY2d 490, 495), we conclude that, upon viewing the evidence in light of the elements of the crime of robbery in the second degree, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Danielson*, 9 NY3d 342, 349; *Bleakley*, 69 NY2d at 495).

We further conclude that the sentence is not unduly harsh or severe.  Contrary to defendant's contention, "the fact that [Supreme Court] imposed a more severe sentence after trial than that offered during plea negotiations does not demonstrate that defendant was punished for exercising his right to a trial" (*People v McCallum*, 96 AD3d 1638, 1640).

Entered:  November 9, 2012                              Frances E. Cafarell
                                                        Clerk of the Court