People v Burton (2019 NY Slip Op 06957)





People v Burton


2019 NY Slip Op 06957


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


933 KA 15-01965

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVONTE E. BURTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 9, 2015. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that he was denied a fair trial by prosecutorial misconduct during jury selection and summation. Assuming, arguendo, that defendant's contention is preserved for our review (see CPL 470.05 [2]), we reject it. The prosecutor's questions during jury selection concerning the likelihood that a victim of child sexual abuse knows the offender were "relevant and material to the inquiry at hand" (People v Sweney, 55 AD3d 1350, 1351 [4th Dept 2008], lv denied 11 NY3d 901 [2008] [internal quotation marks omitted]; see generally CPL 270.15 [1] [c]). To the extent that the prosecutor mischaracterized the testimony of a witness during summation, we conclude that the prosecutor's comments were not so egregious as to deprive defendant of a fair trial (see People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]; People v Flowers, 166 AD3d 1492, 1495 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court