■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LUGO, Appellant. [739 NYS2d 32] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 17, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed. Order, same court and Justice, entered on or about February 2, 2001, which denied defendant's motion pursuant to CPL article 440 to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The People disproved defendant's justification defense beyond a reasonable doubt. Even if defendant subjectively believed that the complainant was about to use deadly physical force against him, based upon the prior incident in defendant's apartment, such belief was not objectively reasonable given that the complainant had left the apartment and was fleeing down the hallway when defendant left the safety of his apartment and lured the victim back, while concealing a gun behind his leg. Defendant clearly provoked the confrontation in the hallway and was not acting in self-defense when he shot at the complainant (*see, People v Walker*, 168 AD2d 983, *lv denied* 77 NY2d 883).

Defendant's request that the court instruct the jury on the defense of premises theory of justification pursuant to Penal Law § 35.20 (3) was properly denied since there was no reasonable view of the evidence to support defendant's claim that he reasonably believed that deadly physical force was necessary to prevent or terminate a burglary (*see, People v Cox*, 92 NY2d 1002). Viewing the evidence most favorably to defendant, it is clear that any burglary was over at the time defendant fired at the complainant.

Defendant could not have been prejudiced by any error in the court's definition of the term "dwelling" in its explanation

to the jury of the duty to retreat. Essentially, this case involved the duty to refrain from staging a counteroffensive rather than the duty to retreat.

Defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Defendant was not prejudiced by his trial counsel's failure to discuss the extreme emotional disturbance defense with defendant or to raise that defense at trial, since there was no evidentiary support for such a defense. Furthermore, the emotional disturbance defense would have undermined the justification defense and counsel made a reasonable tactical choice. Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.