(June 20, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLE ROBERTSON, Appellant. [744 NYS2d 376] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered April 12, 2000, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

This appeal has been held in abeyance pending a predicate felony hearing to determine whether defendant's prior Maryland conviction was obtained unconstitutionally due to ineffective assistance of counsel, and whether the Maryland conviction constitutes a felony conviction under CPL 400.21 (5). The hearing has been held and by order of the Supreme Court, New York County (Budd Goodman, J.), entered February 14, 2002, the hearing court concluded that defendant's 1992 conviction under article 27, § 286 (a) (1) of the Annotated Code of Maryland was constitutional, and that such conviction was the equivalent of the felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) in New York State. Accordingly, the hearing court held that defendant had been properly sentenced as a second felony offender based upon his prior conviction in Maryland. We agree.

Penal Law § 70.06 (1) (b) (i) provides that in order to serve as a predicate felony conviction, an out-of-state conviction must be for an offense which, if committed in New York, would be a felony (*People v Kuey*, 83 NY2d 278, 283; *People v Sailor*, 65 NY2d 224, 237, *cert denied* 474 US 982). Here, the underlying Maryland offense of criminal possession of a controlled

substance with intent to distribute carries with it a sentence of imprisonment in excess of one year, as does Penal Law § 220.16 (1), and its elements are equivalent to those of the New York felony (*People v Gonzalez*, 61 NY2d 586, 589; *People v Jackson*, 118 AD2d 469, *lv denied* 67 NY2d 944).

Moreover, a review of the record belies defendant's claim of ineffective assistance of counsel (*People v Benevento*, 91 NY2d 708; *People v Lugo*, 291 AD2d 359), as the evidence clearly demonstrates that defendant entered into his Maryland plea knowingly, voluntarily and intelligently; that he fully acknowledged that he was pleading guilty to distribution, and not the mere possession, of cocaine; and that such crime carried a maximum penalty of 20 years in prison. Indeed, it was only by virtue of the negotiated plea that defendant was sentenced to only one year in prison.

Finally, since defendant's use of an alias and passive misrepresentations concealed his prior conviction in Maryland, the sentencing court, upon revelation of defendant's true status, properly revoked its promise of a sentence available only to a first felony offender and properly refused to allow defendant to withdraw his plea (*People v Chance*, 254 AD2d 115; *People v Smith*, 223 AD2d 465, *lv denied* 88 NY2d 854). Concur—Nardelli, J.P., Andrias, Saxe and Rosenberger, JJ.