■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant. [754 NYS2d 538] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered November 9, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The record establishes that defendant received meaningful representation at trial (*see People v Benevento*, 91 NY2d 708, 713-714). Since young persons do not constitute a cognizable group with regard to discrimination in jury selection (*see Johnson v McCaughtry*, 92 F3d 585, 590-595, *cert denied* 519 US 1034, and cases cited therein), defendant could not have been deprived of effective assistance by his counsel's failure to make an application pursuant to *Batson v Kentucky* (476 US 79) on age discrimination grounds.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203; *People v Walker*, 83 NY2d 455, 458-459). The court properly permitted a brief inquiry into the underlying facts of defendant's youthful offender adjudication, which involved criminal possession of a weapon, since defendant's conduct in that instance was relevant to his credibility. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.