THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MINUCCI, Appellant. [891 NYS2d 436]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US

946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied the defendant's *Batson*-type challenge (*see Batson v Kentucky*, 476 US 79 [1986]) to the prosecutor's peremptory strikes removing a number of prospective jurors allegedly because they were under the age of 30. The defendant failed to support his contention that persons under the age of 30 constitute a cognizable group with regard to discrimination in jury selection (*see J. E. B. v Alabama ex rel. T. B.*, 511 US 127, 128 [1994]; *People v Ortiz*, 302 AD2d 257 [2003]; *People v Abdullah*, 134 AD2d 503 [1987]).

The defendant's convictions stem from the assault and robbery of a black victim committed in Queens on June 29, 2005. Under the circumstances of this case, where the defendant was being tried for hate crimes motivated by race or color, the Supreme Court erred in not permitting one of the defendant's character witnesses to testify that the defendant did not have a reputation in the community for being biased and prejudiced against black people. The defendant's lack of reputation for prejudice against black people was relevant to his guilt or innocence (*see People v Chisolm*, 7 AD3d 728, 729 [2004]). Nevertheless, the error was harmless in light of the overwhelming evidence that the crimes at issue were motivated in substantial part by the defendant's belief and perception regarding race or color (*see* Penal Law § 485.05 [1]), and the fact that the defendant's two character witnesses were permitted to testify as to the defendant's reputation in the community for lack of bias in general (*see People v Crimmins*, 36 NY2d 230 [1975]). There was no significant probability that the error contributed to the convictions.

To the extent that the defendant's claims of ineffective assistance of counsel are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Sabatino*, 41 AD3d 871 [2007]; *People v Williams*, 41 AD3d 517, 518 [2007]). Insofar as we are able to review these claims, defense counsel provided the defendant with meaningful representation (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *see also People v Sabatino*, 41 AD3d at 871).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are without merit or do not require reversal. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.