# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1107**
**KA 10-00328**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANDREW ALI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL C. WALSH OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 22, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]). At trial the sole issue was whether defendant's actions were justified pursuant to Penal Law § 35.20 (3), which permits a person in possession or control of a dwelling "who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling . . . [to] use deadly physical force upon such other person when he or she reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary." Defendant contends that County Court's supplemental instruction concerning whether a vestibule and outdoor porch constituted parts of the dwelling was erroneous and confused the jury. Defendant, however, in fact requested a portion of the supplemental instruction, thereby waiving any objection thereto (*see generally People v Figgins*, 72 AD3d 1599, *lv denied* 15 NY3d 893), and he failed to object to the remainder of the instruction, thereby failing to preserve his contention for our review with respect to the remainder of the instruction (*see People v Swail*, 19 AD3d 1013, *lv denied* 6 NY3d 759, 853; *People v Pross*, 302 AD2d 895, 897, *lv denied* 99 NY2d 657). We decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his contention that the conviction is not based on legally sufficient evidence (*see People*

*v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19) and, in any event, that contention lacks merit.  As noted, in order to be justified in using deadly physical force against another person, defendant was required to believe that the person was committing or attempting to commit a burglary and that deadly physical force was necessary to prevent or terminate the burglary (*see* Penal Law § 35.20 [3]; *People v White*, 75 AD3d 109, 117, *lv denied* 15 NY3d 758).  Even assuming, arguendo, that the person in fact entered the vestibule with the intent to commit a burglary, we note that defendant's own witness testified that the person had fled from the apartment at the time defendant began stabbing him.  "Once [that person] fled from the apartment, defendant could not reasonably believe that force was necessary to prevent or terminate the commission of a burglary . . ., and the justification for the use of force ceased" (*People v Pine*, 82 AD3d 1498, 1501; *see White*, 75 AD3d at 117-118; *People v Lugo*, 291 AD2d 359, *lv denied* 98 NY2d 699).  Also contrary to defendant's contention, viewing the evidence in light of the elements of the crime of assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the prosecutor's reason for striking a particular juror was pretextual, having failed to raise before the trial court the specific claim he now raises on appeal (*see People v Jones*, 284 AD2d 46, 48, *affd* 99 NY2d 264; *People v Holloway*, 71 AD3d 1486, 1486-1487, *lv denied* 15 NY3d 774).  We further conclude that defendant was not denied effective assistance of counsel based on his attorney's failure to preserve that *Batson* challenge for our review inasmuch as the prosecutor offered a legitimate race neutral reason for striking the prospective juror in question, and thus defendant's challenge would not have been successful (*see People v Cuthrell*, 284 AD2d 982, 982-983; *see also People v Ortiz*, 302 AD2d 257, *lv denied* 100 NY2d 541).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we reject defendant's further allegations of ineffective assistance of counsel and conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that he was denied a fair trial based on prosecutorial misconduct during the prosecutor's summation.  Contrary to defendant's contention, however, "[t]he majority of the comments in question were within the broad bounds of rhetorical comment permissible during summations . . ., and they were either a fair response to defense counsel's summation or fair comment on the evidence . . . Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial" (*People v McEathron*, 86 AD3d 915, 916 [internal quotation marks omitted]).  Finally, the record establishes that, in sentencing defendant, the court took into account the mitigating factors presented by defendant,

and we conclude that the sentence is not unduly harsh or severe.

Entered:  November 10, 2011                Patricia L. Morgan
                                           Clerk of the Court