# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

249

KA 08-00334

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER D. HUNTER, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

CHRISTOPHER D. HUNTER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen K. Lindley, J.), rendered December 17, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that he was denied a fair trial based on comments by the prosecutor during summation concerning the defense of extreme emotional disturbance and Supreme Court's ruling in response to his objection to those comments. We agree with defendant that, in making its ruling, the court improperly stated that "mercy" was an element of that defense (*see* § 125.25 [1] [a]). We note, however, that the court thereafter properly instructed the jury on the statutory elements of the defense and properly stated the fundamental legal principles applicable thereto. We conclude that the isolated misstatement by the court was satisfactorily corrected by the court's proper jury instructions (*see generally People v Higgins*, 188 AD2d 839, 841, *lv denied* 81 NY2d 972).

Contrary to defendant's further contention, we conclude that the prosecutor's comments during summation concerning the lack of mercy shown by defendant toward the victim were a fair response to defense counsel's summation (*see People v Ali*, 89 AD3d 1412, 1414, *lv denied* 18 NY3d 881). "Even assuming, arguendo, that the prosecutor's comments were beyond [the broad bounds of rhetorical comment permissible], we conclude that they were not so egregious as to deprive defendant of a fair trial" (*People v McEathron*, 86 AD3d 915,

916, *lv denied* 19 NY3d 975).

We reject defendant's contention that he was denied the right to be present during a material stage of the trial. Here, in his omnibus motion, defendant sought a ruling to preclude the People from admitting evidence of defendant's prior convictions and bad acts, while the People, pursuant to *Sandoval* and *Molineux*, sought a pretrial ruling permitting them to use at trial defendant's five prior misdemeanor and felony convictions and six letters that he had written to his wife. Defense counsel agreed on the record to the procedure whereby the court would render a decision on the parties' written submissions with respect to those matters before opening statements, and we conclude that defendant had the opportunity to contribute to defense counsel's written submission (*see People v Liggins*, 19 AD3d 324, 325, *lv denied* 5 NY3d 853). Prior to opening statements, the court called the prosecutor and defense counsel to the bench to apprise them of its *Sandoval* and *Molineux* rulings. Defendant's physical presence was not required at that bench conference inasmuch as the court was " 'simply placing on the record the [rulings] it had already made' " with respect to the People's *Sandoval* and *Molineux* applications, and defendant could not reasonably have contributed his views even if he had been present (*see People v Guerrero*, 27 AD3d 386, 386; *People v Rivera*, 201 AD2d 377, 377, *lv denied* 83 NY2d 875). We also note that the court thereafter, in defendant's presence in open court, announced the essence of its rulings with respect to the People's *Sandoval* and *Molineux* applications. To the extent that defendant contends that he was denied the right to be present at a pretrial *Ventimiglia* hearing, we note that a defendant is not entitled to such a hearing (*see People v Robinson*, 28 AD3d 1126, 1128, *lv denied* 7 NY3d 794). We have reviewed the contentions raised in defendant's pro se supplemental brief and conclude that they are without merit.

Entered: March 28, 2014                    Frances E. Cafarell
                                           Clerk of the Court