■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROSS, Appellant. [633 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 18, 1993, convicting him of

murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly denied the defendant's *pro se* motion to renew and/or reargue a previously-denied motion to dismiss the indictment on the ground that the People violated his constitutional right to a speedy trial *(see,* CPL 30.20). The defendant was represented by counsel at the time that he made his *pro se* motion. Such a defendant is not entitled to a "right to hybrid representation" by which he simultaneously acts *pro se (People v White,* 73 NY2d 468, 477, *cert denied* 493 US 859; *see, People v Mirenda,* 57 NY2d 261). In any event, after considering the five factors enumerated by the Court of Appeals in determining a constitutional speedy trial motion, we find that the defendant's motion was without merit *(see, People v Taranovich,* 37 NY2d 442, 445). A significant portion of the delay in question was caused by the defendant's trial on unrelated criminal charges, and the defendant failed to demonstrate prejudice which would warrant a reversal of his conviction for these serious crimes *(see, People v Rossi,* 210 AD2d 511; *People v Quiroz,* 192 AD2d 730).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.