■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN EARLY, Appellant. [698 NYS2d 190] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his conviction is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We likewise

reject defendant's contention that Supreme Court erred in refusing to give a missing witness charge. The testimony of those witnesses would have been cumulative (*see, People v Gonzalez,* 68 NY2d 424, 428; *People v Cooper,* 197 AD2d 861, *lv denied* 82 NY2d 892; *People v Nelson,* 186 AD2d 1068, *lv denied* 81 NY2d 764). In any event, any error in the court's failure to give that charge is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242). Defendant failed to preserve for our review his contention that the court erred in permitting the People to present rebuttal testimony (*see,* CPL 470.05 [2]; *People v Paterson,* 227 AD2d 348, *lv denied* 88 NY2d 991; *People v Marshall,* 221 AD2d 476; *People v Cavallo,* 167 AD2d 884, *lv denied* 77 NY2d 876), and we decline to consider it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Also unpreserved for our review are defendant's contentions regarding misconduct by the prosecutor in her opening statement and summation (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642; *People v Eldridge,* 221 AD2d 966, 966-967, *lv denied* 87 NY2d 1019). In any event, the alleged misconduct was not so egregious as to deprive defendant of a fair trial (*see, People v Pritchett,* 248 AD2d 967, *lv denied* 92 NY2d 929; *People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711). We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.