THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY WELLSBY, Appellant. [816 NYS2d 805]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 7, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and unlawful imprisonment in the second degree (§ 135.05). Defendant failed to renew his motion to dismiss at the close of the People's case after presenting evidence and thus failed to preserve for our review his contention that the assault conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Diefenbacher*, 21 AD3d 1293, 1294 [2005], *lv denied* 6 NY3d 775 [2006]). In any event, the People presented legally sufficient evidence establishing that the banister constituted a dangerous instrument when defendant struck the victim's head against it (*see People v Galvin*, 65 NY2d 761, 762-763 [1985]; *People v Ellman*, 309 AD2d 535 [2003], *lv denied* 1 NY3d 571 [2003]; *People v Melville*, 298 AD2d 601 [2002], *lv denied* 99 NY2d 617 [2003]). Defendant also failed to preserve for our review his further contention that prosecutorial misconduct on summation requires reversal (*see People v Early*, 266 AD2d 881, 882 [1999], *lv denied* 94 NY2d 918 [2000]). His contention is without merit in any event because the alleged misconduct was not so egregious as to deprive defendant of a fair trial (*see id.*). The sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.