■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKY T. MILLS, Appellant. [880 NYS2d 599]—Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered August 5, 2004. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, sodomy in the second degree, and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and sodomy in the second degree (former § 130.45 [1]), and three counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the convictions (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to move to set aside the verdict on the ground of repugnancy before the jury was discharged and thus failed to preserve for our review his contention that the verdict is repugnant insofar as he was acquitted of sodomy in the first degree, sexual abuse in the first degree, rape in the first degree and course of sexual conduct against a child in the first degree with respect to the youngest child, but was found guilty of sodomy in the second degree, course of sexual

conduct against a child in the first degree with respect to the middle child and endangering the welfare of a child with respect to all three children (*see People v Alfaro*, 66 NY2d 985, 987 [1985]). We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.