■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. PARKS, JR., Appellant. [886 NYS2d 316]—Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered October 26, 2004. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Defendant failed to renew his motion for a trial order of dismissal after presenting evidence and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Contrary to defendant's further contention, defense counsel was not ineffective in failing to renew the motion for a trial order of dismissal (*see People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]), nor was she ineffective in failing to make objections that "would

have been unavailing" (*People v Guerrero*, 22 AD3d 266, 267 [2005], *lv denied* 5 NY3d 882 [2005]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). The "unspecified, general objections" by defense counsel to the prosecutor's comments during summation failed to preserve for our review the contention of defendant on appeal that those comments were improper and deprived him of a fair trial (*People v Romero*, 7 NY3d 911, 912 [2006]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.