■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW FIGGINS, Appellant. [899 NYS2d 702]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 1, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]). According to the evidence presented by the People at trial, defendant and three accomplices went to the apartment where the victim resided in order to rob him, whereupon defendant shot the victim, causing his death. Defendant contends that County Court erred in admitting evidence that the victim previously had been robbed by two of the accomplices. Defendant himself first elicited that evidence from a witness, however, and we therefore conclude that he waived any objection to its admission (*see generally People v Backus*, 67 AD3d 1428 [2009], *lv denied* 13 NY3d 936 [2010]; *People v Brown*, 57 AD3d 1461 [2008], *lv denied* 12 NY3d 814 [2009], *denied reconsideration* 12 NY3d 923 [2009]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition to presenting the testimony of the three accomplices implicating defendant, the People also presented the statement of defendant to the police in which he admitted that he was with the accomplices during the robbery, and they presented evidence that defendant's DNA was found on the murder weapon. Defendant contends that the court erred in

admitting in evidence a surveillance video that depicted a vehicle being parked and four individuals walking toward the crime scene. Even assuming, arguendo, that the court erred in admitting that video in evidence because it was not properly authenticated (*see generally People v Patterson*, 93 NY2d 80, 84 [1999]), we conclude that any error in its admission is harmless (*see generally People v Crimmins*, 36 NY2d.230, 241-242 [1975]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct on summation (*see People v Brink*, 57 AD3d 1484, 1486 [2008], *lv denied* 12 NY3d 851 [2009]; *People v Wellsby*, 30 AD3d 1092 [2006], *lv denied* 7 NY3d 796 [2006]). In any event, that contention is without merit. Certain comments by the prosecutor were fair response to defense counsel's summation (*see People v Jackson*, 46 AD3d 1408, 1408-1409 [2007], *lv denied* 10 NY3d 841 [2008]), and any alleged misconduct by the prosecutor in his remaining remarks to which defendant now objects was not so egregious as to deprive defendant of a fair trial (*see People v Johnston*, 43 AD3d 1273, 1275 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Early*, 266 AD2d 881, 882 [1999], *lv denied* 94 NY2d 918 [2000]). Finally, defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.