THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON RICHARD FISHER, Appellant. [910 NYS2d 621]—

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered November 9, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [a]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecuto-

rial misconduct during summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]) and, in any event, that contention is without merit. "[T]he prosecutor's closing statement must be evaluated in light of the defense summation, which put into issue the complainants' character and credibility and justified the People's response" (*People v Halm*, 81 NY2d 819, 821 [1993]). The majority of the prosecutor's comments on summation were within " 'the broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007], quoting *People v Galloway*, 54 NY2d 396, 399 [1981]), and they were a fair response to defense counsel's summation (*see People v Figgins*, 72 AD3d 1599 [2010]; *People v Diggs*, 24 AD3d 1261 [2005], *lv denied* 6 NY3d 812 [2006]; *People v Melendez*, 11 AD3d 983 [2004], *lv denied* 4 NY3d 888 [2005]). Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial (*see Figgins*, 72 AD3d 1599 [2010]; *People v Sweney*, 55 AD3d 1350, 1351 [2008], *lv denied* 11 NY3d 901 [2008]; *People v Crawford*, 299 AD2d 848 [2002], *lv denied* 99 NY2d 581, 653 [2003]). Defendant also failed to preserve for our review his contention that the prosecutor improperly asked him on cross-examination whether prosecution witnesses were lying (*cf. People v Paul*, 212 AD2d 1020, 1021 [1995], *lv denied* 85 NY2d 912 [1995]; *People v Jarrells*, 190 AD2d 120, 125-126 [1993]). In any event, we conclude that defendant was not thereby denied a fair trial (*see People v Gonzalez*, 206 AD2d 946 [1994], *lv denied* 84 NY2d 867 [1994]).

Defendant further contends that the evidence is legally insufficient to support the conviction of course of sexual conduct against a child in the second degree inasmuch as the People failed to establish that the alleged sexual acts occurred "over a period of time not less than three months in duration" pursuant to Penal Law § 130.80 (1). Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Mills*, 63 AD3d 1717 [2009], *lv denied* 13 NY3d 861 [2009]) and, in any event, that contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could conclude that the sexual conduct occurred for the requisite duration (*see People v Paramore*, 288 AD2d 53 [2001], *lv denied* 97 NY2d 759 [2002]; *see also People v Johnson*, 24 AD3d 967, 968 [2005], *lv denied* 6 NY3d 814 [2006]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his

contention that the evidence is legally insufficient to support the remaining counts (*see Gray*, 86 NY2d at 19) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). "With respect to defense counsel's failure to object to certain . . . testimony . . . [and alleged prosecutorial misconduct on summation], defendant failed to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's alleged shortcomings" (*People v Elliott*, 73 AD3d 1444, 1445 [2010], *lv denied* 15 NY3d 773 [2010] [internal quotation marks omitted]; *see People v Taylor*, 1 NY3d 174, 176-178 [2003]). Further, "[d]efense counsel's failure to make a motion for a trial order of dismissal on the ground raised on appeal does not constitute ineffective assistance of counsel because that motion would have had no chance of success" (*People v Hunter*, 70 AD3d 1388, 1389 [2010], *lv denied* 15 NY3d 751 [2010]; *see generally People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Defendant's contention that defense counsel was ineffective in failing to present a proper foundation to permit the introduction of certain evidence involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440 (*see People v Barnes*, 56 AD3d 1171 [2008]; *People v Jenkins*, 25 AD3d 444, 445-446 [2006], *lv denied* 6 NY3d 834 [2006]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.