# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**725**

**KA 09-02332**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DARREN MCEATHRON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered October 20, 2008. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20) and assault in the second degree (§ 120.05 [6]). We reject defendant's contention that County Court erred in denying his motion for a trial order of dismissal with respect to the kidnapping charge on the ground that it violates the merger doctrine. That doctrine prohibits a conviction for kidnapping based upon acts that fall within the definition of that crime but are merely incidental to another crime (*see generally People v Gonzalez*, 80 NY2d 146, 151-152; *People v Cassidy*, 40 NY2d 763, 767). Contrary to the People's contention, we conclude at the outset that defendant preserved his contention for our review. Defense counsel moved for a trial order of dismissal at the close of the People's case and renewed that motion at the conclusion of all the evidence (*see* CPL 290.10 [1]; *People v Payne*, 3 NY3d 266, 276-277, *rearg denied* 3 NY3d 767; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).

We agree with the People, however, that the merger doctrine does not apply to the facts of this case. In making that determination, our "guiding principle is whether [defendant's] restraint [of the victim] was 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*Gonzalez*, 80 NY2d at 153, quoting *Cassidy*, 40 NY2d at 767). Here, " '[t]he [abduction] was not a minimal intrusion

necessary and integral to another crime, nor was it simultaneous and inseparable from another crime.  It was a crime in itself' " (*People v O'Connor*, 21 AD3d 1364, 1365, *lv denied* 6 NY3d 757, quoting *Gonzalez*, 80 NY2d at 153).  Thus, we conclude that the kidnapping was not a part of the assault.  Rather, the evidence demonstrates that defendant restrained and began to transport the victim for undisclosed purposes and that the assault was incidental to the kidnapping.

Defendant further contends that he was denied a fair trial when the People improperly bolstered the victim's testimony.  That contention is not preserved for our review inasmuch as defendant's objection to the testimony in question was based only on the ground that it constituted inadmissible hearsay.  In any event, any bolstering that may have taken place is harmless inasmuch as the evidence of defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant but for the error (*see People v Johnson*, 57 NY2d 969, 970; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Defendant failed to preserve for our review his contention with respect to the remaining instances of alleged prosecutorial misconduct involving the questioning of witnesses (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (*see People v Fisher*, 78 AD3d 1605, 1605-1606; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849) and, in any event, that contention is without merit.  The majority of the comments in question were within " 'the broad bounds of rhetorical comment permissible' " during summations (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399), and they were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915).  Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial (*see People v Figgins*, 72 AD3d 1599, *lv denied* 15 NY3d 893; *People v Sweney*, 55 AD3d 1350, 1351, *lv denied* 11 NY3d 901).

We reject the contention of defendant that he was denied effective assistance of counsel.  To the extent that defendant contends that defense counsel was ineffective for failing to move to suppress certain evidence, "[d]efendant has failed to show that [such] a . . . motion . . ., if made, would have been successful" (*People v Matthews*, 27 AD3d 1115, 1116).  In addition, defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to make the pretrial motions that he now claims should have been made (*People v Garcia*, 75 NY2d 973, 974; *see People v Crouch*, 70 AD3d 1369, 1370, *lv denied* 15 NY3d 773).

The sentence is not unduly harsh or severe.  We have considered

defendant's remaining contentions and conclude that they are without merit.

Entered:  July 1, 2011                    Patricia L. Morgan
                                          Clerk of the Court