# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

558

KA 08-01685

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

LEROY BROWN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 21, 2008. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (*see People v McEathron*, 86 AD3d 915, 916; *People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954). Specifically, defendant either failed to object to the alleged instances of misconduct (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834), or his objections thereto "were merely general objections without a specified basis" (*People v Beggs*, 19 AD3d 1150, 1151, *lv denied* 5 NY3d 803; *see People v Parks*, 66 AD3d 1429, 1430, *lv denied* 14 NY3d 804; *see generally People v Romero*, 7 NY3d 911, 912). In any event, defendant's contention is without merit. The majority of the comments in question were within " 'the broad bounds of rhetorical comment permissible' " during summations (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399), and they were "either a fair response to defense counsel's summation or fair comment on the evidence" (*McEathron*, 86 AD3d at 916 [internal quotation marks omitted]). "Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a

fair trial" (*id.*).

Entered:  April 20, 2012

Frances E. Cafarell
Clerk of the Court