# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

387

KA 12-00384

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

GEORGE SWAN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 14, 2011. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, assault in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by misconduct during the prosecutor's opening statement, direct examination of the victim, and summation (see CPL 470.05 [2]; see People v Gates, 6 AD3d 1062, 1063, lv denied 3 NY3d 659). In any event, we conclude that none of the alleged misconduct by the prosecutor was so egregious as to deprive defendant of a fair trial (see People v Figgins, 72 AD3d 1599, 1600, lv denied 15 NY3d 893).

We reject the further contention of defendant that he was denied effective assistance of counsel. "Inasmuch as defendant was not denied a fair trial by any alleged instances of prosecutorial misconduct, defense counsel's failure to object to those [instances] does not constitute ineffective assistance of counsel" (People v Gaston, 100 AD3d 1463, 1465). Defendant failed "to demonstrate the absence of strategic or other legitimate explanations for counsel's" alleged ineffectiveness in failing to make particular arguments or take particular actions (People v Rivera, 71 NY2d 705, 709), including the failure to challenge a prospective juror (see People v Stepney, 93 AD3d 1297, 1298, lv denied 19 NY3d 968).

Although a prosecution witness testified in violation of County

Court's ruling excluding a portion of defendant's statement at the crime scene, defendant withdrew his mistrial motion based on that testimony and made no further objection when the court issued curative instructions.  "Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *see People v Henry*, 9 AD3d 914, 915, *lv denied* 3 NY3d 675).  The court thereafter properly denied defendant's pro se motion for a mistrial, which was based upon the same testimony, made at the close of the People's case (*see People v Ross*, 221 AD2d 383, 384, *lv denied* 87 NY2d 925).

The sentence is not unduly harsh or severe.

Entered:  March 27, 2015                      Frances E. Cafarell
                                              Clerk of the Court