# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1203**
**KA 10-02117**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

           V                               MEMORANDUM AND ORDER

NOEL R. RIVERA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 15, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1]). We agree with defendant that Supreme Court erred in precluding defense counsel from questioning a defense witness regarding the basis of her knowledge of a prosecution witness's reputation for truthfulness and honesty (*see People v Hanley*, 5 NY3d 108, 112-114; *People v Hopkins*, 56 AD3d 820, 821-822; *see also People v Carter*, 31 AD3d 1167, 1168). " '[A] party has a right to call a witness to testify that a key opposing witness, who gave substantive evidence and was not called for purposes of impeachment, has a bad reputation in the community for truth and veracity' " (*People v Fernandez*, 17 NY3d 70, 76; *see Hanley*, 5 NY3d at 112). We conclude, however, that the error is harmless. The evidence of guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant if they were allowed to hear testimony that the prosecution witness had a bad reputation for truthfulness (*see Hopkins*, 56 AD3d at 823-824; *see generally People v Crimmins*, 36 NY2d 230, 241-242; *cf. Hanley*, 5 NY3d at 114-115).

Defendant's contention that the prosecutor's summation and the court's instruction to the jury constructively amended the indictment and thereby improperly changed the theory of the prosecution is not preserved for our review (*see People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014; *People v Osborne*, 63 AD3d 1707, 1708, *lv denied* 13

NY3d 748; *People v Odom*, 53 AD3d 1084, 1086, *lv denied* 11 NY3d 792). In any event, that contention is without merit. The indictment charged defendant with assaulting one of the victims "by means of a deadly weapon, to wit: a shotgun." Defendant contends that he was prejudiced both by the prosecutor's summation, which suggested that defendant shot that victim first with a shotgun and then a revolver, after the shotgun jammed, and the court's charge, which instructed the jury that they were to determine whether defendant committed assault "by means of a deadly weapon." The indictment, however, " 'charged more than the People were required to prove under the statute . . . , and the trial court's charge did not usurp the grand jury's powers or change the theory of the prosecution' " (*Odom*, 53 AD3d at 1086; *see People v Spann*, 56 NY2d 469, 471-473; *see also People v Sage*, 204 AD2d 746, 747, *lv denied* 84 NY2d 832). The People never changed their theory that the victim at issue was shot by defendant's use of a shotgun. Defendant's further contention that the trial evidence rendered the indictment duplicitous is not preserved for our review (*see People v Allen*, 24 NY3d 441, 449-450), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Benton*, 106 AD3d 1451, 1451-1452, *lv denied* 21 NY3d 1040; *People v Wellsby*, 30 AD3d 1092, 1093, *lv denied* 7 NY3d 796). In any event, his contention is without merit. The prosecutor's remarks on summation were within "the broad bounds of rhetorical comment permissible during summations" and did not shift the burden of proof (*People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975 [internal quotation marks omitted]). The prosecutor's remarks regarding defendant's possession of the revolver was a fair response to defense counsel's summation and fair comment on the evidence (*see People v Walker*, 117 AD3d 1441, 1441-1442, *lv denied* 23 NY3d 1044). The prosecutor did not engage in misconduct in questioning certain police officers and, to the extent the prosecutor engaged in misconduct during her cross-examination of a defense witness, that misconduct was not so egregious as to deprive defendant of a fair trial (*see Wellsby*, 30 AD3d at 1093). Finally, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court