People v Baldwin (2019 NY Slip Op 04829)





People v Baldwin


2019 NY Slip Op 04829


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


359 KA 10-01859

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BALDWIN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 13, 2010. The judgment convicted defendant, upon a jury verdict, of arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of arson in the second degree (Penal Law § 150.15), defendant contends that the evidence is legally insufficient to establish his identity as the person who intentionally set fire to his ex-girlfriend's apartment. We reject that contention. The circumstantial evidence of guilt adduced by the People established that defendant "had both a motive and the opportunity to commit the crime" (People v Heck, 103 AD3d 1140, 1141 [4th Dept 2013], lv denied 21 NY3d 1074 [2013]; see also People v Gardner, 26 AD3d 741, 741-742 [4th Dept 2006], lv denied 6 NY3d 848 [2006]). Specifically, it was undisputed at trial that defendant was upset with his ex-girlfriend (victim) because she was ignoring him. It was also undisputed that, on the night of the fire, defendant banged on the doors and window of the victim's apartment, asking to be let in. Defendant also repeatedly called the victim's cell phone, only to be told by her son that he could not let defendant inside, and then told a friend that he was angry at the victim because she would not let him inside. A fire was started at the victim's apartment shortly after those events, and the fire marshall testified that the fire was deliberately set. Furthermore, the victim's son testified that, during the fire, he saw defendant walking toward the victim's house. According to the son, defendant turned around and walked away after noticing him. The People also presented direct evidence of guilt, i.e., testimony from the victim and two of defendant's friends that defendant admitted to having started the fire (see People v Thomas, 158 AD3d 1135, 1136 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]). Viewing the evidence in the light most favorable to the People, as we must (see People v Conway, 6 NY3d 869, 872 [2006]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot say that "the jury failed to give the evidence the weight it should be accorded" (People v Jackson, 162 AD3d 1567, 1567 [4th Dept 2018], lv denied 32 NY3d 938 [2018]).
Defendant also contends that the verdict is repugnant inasmuch as the jury acquitted him of burglary in the first degree (Penal Law
§ 140.30) and convicted him of arson in the second degree (§ 150.15). Defendant failed to preserve that contention for our review because he "failed to object to the alleged repugnancy of the verdict before the jury was discharged" (People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). In any event, his contention lacks merit. A repugnancy claim must be "[e]xamined against the elements of the crimes as charged by the trial court and without regard to the particular facts of the case" (People v Johnson, 70 NY2d 819, 820 [1987]; see People v Muhammad, 17 NY3d 532, 539 [2011]). "[A] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]; see People v McLaurin, 50 AD3d 1515, 1516 [4th Dept 2008]).
Here, because it was not legally impossible for the jury to convict defendant of arson in the second degree and acquit him of burglary in the first degree, as charged by the court, the verdict with respect to those counts is not repugnant (see generally Muhammad, 17 NY3d at 539-540). Although the People's theory at trial was that defendant entered the victim's apartment to set the fire, the court's charge with respect to the arson count did not require the jury to make any such finding.
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict (see People v Mills, 63 AD3d 1717, 1718 [4th Dept 2009], lv denied 13 NY3d 861 [2009]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court