People v Mahoney (2019 NY Slip Op 06313)





People v Mahoney


2019 NY Slip Op 06313


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


645 KA 17-00615

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAURICE M. MAHONEY, DEFENDANT-APPELLANT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered September 29, 2016. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that Supreme Court deprived him of his right to a fair trial and an impartial jury by failing to excuse four prospective jurors. Inasmuch as the record does not establish that defendant exhausted his peremptory challenges, he is not entitled to reversal based on the alleged errors during jury selection (see CPL 270.20 [2]). We reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure to challenge the relevant prospective jurors inasmuch as defendant failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge those prospective jurors (see People v Slack, 137 AD3d 1568, 1570 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]; People v Boykins, 134 AD3d 1542, 1542 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]; People v Swan, 126 AD3d 1527, 1527 [4th Dept 2015], lv denied 26 NY3d 972 [2015]). Contrary to defendant's related contention, defense counsel was not ineffective for failing to move for a mistrial or to have a new panel of jurors seated after the charges pertaining to a second victim were dismissed. There is no basis for concluding that the dismissal of those charges resulted in the jury being prejudiced against defendant, and thus any such motion had "little or no chance of success" (People v Nuffer, 70 AD3d 1299, 1300 [4th Dept 2010]). Furthermore, "[i]t is well settled that the jury is presumed to have followed . . . curative instruction[s]" (People v Spears, 140 AD3d 1629, 1630 [4th Dept 2016], lv denied 28 NY3d 974 [2016] [internal quotation marks omitted]), and here the court instructed the jury that it was "not to speculate and consider [the dismissed charges] whatsoever in one way or the other to [the] betterment or detriment of the prosecution or the defendant."
Defendant failed to preserve for our review his contention related to the testimony of an expert witness with respect to child sexual abuse accommodation syndrome (see People v Ennis, 107 AD3d 1617, 1618-1619 [4th Dept 2013], lv denied 22 NY3d 1040 [2013], reconsideration denied 23 NY3d 1036 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's alternative contention that defense counsel was ineffective in his cross-examination of the expert and for failing to otherwise challenge the expert's testimony or qualifications (see generally People v Lathrop, 171 AD3d 1473, 1473-1474 [4th Dept 2019]; Ennis, 107 AD3d at 1618-1619).
By failing to object to certain remarks made by the prosecutor during summation, defendant failed to preserve his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (see People v Lewis, 154 AD3d 1329, 1330 [4th Dept [*2]2017], lv denied 30 NY3d 1106 [2018]). In any event, that contention lacks merit. While it was improper for the prosecutor to discuss her own personal experiences as a child during summation (see generally People v Grice, 100 AD2d 419, 422 [4th Dept 1984]), the court immediately interjected and told the prosecutor that her conduct was improper and that the jury should "[d]isregard it." Under these circumstances, the prosecutor's isolated comment, which was met with an immediate curative instruction, was not so egregious as to deprive defendant of a fair trial (see People v Greene, 13 AD3d 991, 993 [3d Dept 2004], lv denied 5 NY3d 789 [2005]). Additionally, the further challenged comments made by the prosecutor during summation were within "the broad bounds of rhetorical comment permissible during summation" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]; see People v Jones, 155 AD3d 1547, 1548 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017], lv denied 32 NY3d 1205 [2019]). Contrary to defendant's related contention, we conclude that, inasmuch as defendant was not denied a fair trial by any of the alleged instances of prosecutorial error, defense counsel's failure to object to those instances did not constitute ineffective assistance of counsel (see People v Swan, 126 AD3d 1527, 1527 [4th Dept 2015], lv denied 26 NY3d 972 [2015]).
Defendant's contention that defense counsel was ineffective for allegedly failing to instruct defendant about his right to testify, to call defendant's daughter as a witness, and to investigate another perpetrator are based on facts dehors the record and should be raised by way of a CPL article 440 motion (see generally People v Carrasquillo, 170 AD3d 1592, 1594 [4th Dept 2019], lv denied 33 NY3d 1029 [2019]; People v Williams, 48 AD3d 1108, 1109 [4th Dept 2008], lv denied 10 NY3d 872 [2008]).
Finally, with respect to defendant's remaining allegations of ineffective assistance of counsel, we note that the constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (People v Flores, 84 NY2d 184, 187 [1994]). Having examined the record before us, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court