People v Brooks (2020 NY Slip Op 02560)





People v Brooks


2020 NY Slip Op 02560


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


149 KA 17-01960

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BERNARD A. BROOKS, JR., DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BERNARD A. BROOKS, JR., DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 23, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him after a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant failed to preserve his contention that, during jury deliberations, County Court erred in failing to remove the jury foreperson as unavailable or grossly unqualified due to a possible scheduling conflict (see People v Sanderson, 68 AD3d 1716, 1717 [4th Dept 2009], lv denied 14 NY3d 843 [2010]; see generally People v Payne, 68 AD3d 1800, 1800 [4th Dept 2009], lv denied 14 NY3d 843 [2010], reconsideration denied 15 NY3d 755 [2010]; People v Clark, 28 AD3d 1190, 1190 [4th Dept 2006]). In any event, defendant's contention lacks merit. The record does not establish that the foreperson was unavailable because of illness, incapacity, or any other reason (see CPL 270.35 [1]), the court conducted the requisite "reasonably thorough inquiry" regarding the foreperson's possible scheduling conflict with respect to the next day of scheduled deliberations (CPL 270.35 [2] [a]; see People v Newton, 144 AD3d 1617, 1617 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]), and the foreperson informed the court that she wished to continue deliberations. The record also does not establish that the foreperson was grossly unqualified based on an alleged state of mind that would prevent her from rendering an impartial verdict (see People v Buford, 69 NY2d 290, 298 [1987]). The court conducted a "probing and tactful inquiry" into the matter (People v Rodriguez, 71 NY2d 214, 219 [1988] [internal quotation marks omitted]), and the foreperson stated that she would be "sad" if she could not be with her children for a scheduled medical procedure and that it would be "tough" if she had to postpone the procedure. The foreperson did not indicate that she would be unable to focus on the deliberations or that her "sad" state of mind would prevent her from rendering an impartial verdict (cf. People v Spencer, 29 NY3d 302, 311 [2017], rearg denied 31 NY3d 1074 [2018]).
Defendant also failed to preserve his contention that the court's response to the jury regarding the jury foreperson's scheduling conflict was coercive and implicitly urged the jury to rush its verdict (see People v Morales, 36 AD3d 631, 632 [2d Dept 2007], lv denied 8 NY3d 925 [2007]; People v Robertson, 217 AD2d 989, 990-991 [4th Dept 1995], lv denied 86 NY2d 846 [1995]). In any event, defendant's contention lacks merit inasmuch as the court's instructions to the jury did not attempt to compel, urge, or shame the jury into reaching a verdict (see generally People v Anderson, 149 AD3d 1407, 1415 [3d Dept 2017], lv denied 30 NY3d 947 [2017]). [*2]Rather, the instructions were open ended and encouraging (see People v Langevin, 164 AD3d 1597, 1597 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; Morales, 36 AD3d at 632).
Defendant correctly concedes that he failed to preserve his contention that he was denied a fair trial due to the prosecutor's alleged misconduct on summation (see People v Laurent, 156 AD3d 1489, 1489 [4th Dept 2017], lv denied 31 NY3d 985 [2018]; People v Wellsby, 30 AD3d 1092, 1093 [4th Dept 2006], lv denied 7 NY3d 796 [2006]). In any event, the allegedly improper comments during the prosecutor's summation were "fair response[s] to defense counsel's summation" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]).
Inasmuch as the prosecutor's comments on summation were not improper, defense counsel's failure to object to them did not deprive defendant of effective assistance of counsel (see People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). To the extent that defendant contends that defense counsel was ineffective for mentioning uncharged crimes during the trial and on summation, defendant "failed to demonstrate that those alleged errors were not strategic in nature" (People v Henry, 74 AD3d 1860, 1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]) and, in any event, "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [his] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
We conclude that the sentence is not unduly harsh or severe. We note that the certificate of conviction incorrectly states that defendant was sentenced upon a guilty plea, rather than upon a jury verdict, and does not reflect that defendant was sentenced as a second felony offender. The certificate of conviction must therefore be amended to correct those clerical errors (see People v Baldwin, 173 AD3d 1748, 1749-1750 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Finally, we have considered the contentions in defendant's pro se supplemental brief and conclude that they do not require reversal or modification of the judgment.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court