People v Johnson (2021 NY Slip Op 03698)





People v Johnson


2021 NY Slip Op 03698


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


344 KA 19-00666

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAJENEE JOHNSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 1, 2017. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree, robbery in the second degree, and attempted robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of burglary in the second degree (Penal Law
§ 140.25 [2]), robbery in the second degree (§ 160.10 [2] [b]), and attempted robbery in the third degree (§§ 110.00, 160.05). We affirm.
Contrary to defendant's contention, Supreme Court did not err in refusing to suppress defendant's statements to the police. The court properly determined that he voluntarily waived his Miranda rights before making the statements (see People v Huff, 133 AD3d 1223, 1224 [2015], lv denied 27 NY3d 999 [2016]). Furthermore, the People met their initial burden at the Huntley hearing of establishing that defendant's statements were not the product of improper police conduct (cf. People v Guilford, 21 NY3d 205, 212 [2013]), "and '[d]efendant presented no bona fide factual predicate in support of his conclusory speculation that his statement[s were] coerced' " (People v Wilson, 120 AD3d 1531, 1533 [4th Dept 2014], affd 28 NY3d 67 [2016], rearg denied 28 NY3d 1158 [2017]). In any event, any error in admitting the statements in evidence is harmless beyond a reasonable doubt (see People v McDonald, 173 AD3d 1633, 1635 [4th Dept 2019], lv denied 34 NY3d 934 [2019]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention that the pipe that he displayed did not sufficiently resemble a rifle or shotgun to satisfy that element of the crime of robbery in the second degree as defined in Penal Law § 160.10 (2) (b), " 'the object displayed need not closely resemble a firearm or bear a distinctive shape' " (People v Smith, 29 NY3d 91, 100 [2017]), and thus a "towel wrapped around a black object . . . , a toothbrush held in a pocket . . . or even a hand consciously concealed in clothing may suffice . . . if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (People v Lopez, 73 NY2d 214, 220 [1989]). Here, we conclude that defendant's display of a pipe wrapped in a towel, under circumstances including the manner in which it was brandished and the threats he made while holding it, is sufficient to establish that he displayed what appeared to be a rifle, shotgun, or other long gun (see generally People v Akinlawon, 158 AD3d 1245, 1246 [4th Dept 2018], lv denied 31 NY3d 1114 [2018]). Contrary to defendant's further contention, the evidence is sufficient to permit the inference that defendant had the requisite intent to steal property (see generally People [*2]v Gordon, 23 NY3d 643, 649-650 [2014]), which is an element of all three crimes of which defendant was convicted. In addition, with respect to the count of burglary in the second degree, the evidence is sufficient to permit the court to conclude "that defendant possessed the requisite intent to commit [larceny] when he unlawfully entered the building" (People v Hymes, 132 AD3d 1411, 1412 [4th Dept 2015], lv denied 26 NY3d 1146 [2016]). Contrary to defendant's additional contention, we conclude with respect to the count of attempted robbery in the third degree that "the People presented evidence from which defendant's threatened use of force could be implied" (People v Parris, 74 AD3d 1862, 1863 [4th Dept 2010], lv denied 15 NY3d 854 [2010] [internal quotation marks omitted]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence with respect to all of the crimes of which defendant was convicted (see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe. We note that the certificate of conviction incorrectly states that defendant was convicted upon a guilty plea, rather than upon a nonjury verdict. The certificate of conviction must therefore be amended to correct that clerical error (see People Brooks, 183 AD3d 1231, 1233 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; People v Simpson, 173 AD3d 1617, 1621 [4th Dept 2019], lv denied 34 NY3d 954 [2019]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court